## In re TIKYRA A. et al.

[Cite as *In re Tikyra A.* (1995), 103 Ohio App.3d 452.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–94–034.

Decided May 12, 1995.

*John R. Ball,* for appellant.

*Richard R. Woodruff,* Huron County Assistant Prosecuting Attorney, for appellee.

---

SHERCK, Judge.

This consolidated appeal comes to us from judgments issued by the Huron County Court of Common Pleas, Juvenile Division. That court found dependent two children who were abandoned by their teenage mother to the care of their grandmother. Because we have determined that the trial court judgments were not supported by the evidence, we reverse.

Appellant is the mother of Quionna B. and Tikyra A. At the time when the incident which provoked the dependency complaints occurred, Quionna was two years old and Tikyra was eight months old.

On or about June 26, 1994, appellant, herself only seventeen years old at the time, became involved in an argument with her mother, with whom she and the two children lived. As a result of this argument, appellant left her mother's Norwalk home without her mother's permission. This violated a condition of appellant's probation, which was the result of a prior delinquency adjudication. Appellant left behind her oldest child and took with her the youngest. At the time appellant left, she had not reached an understanding with her mother concerning the care to be given either child.

Appellant went to the city of Sandusky. The Sandusky house in which she resided was later characterized in testimony by at least one witness as a place where drugs were used. After a week, appellant sent her youngest daughter back to Norwalk where both children were cared for by her mother. Appellant remained in the Sandusky house for another two weeks until police, in response to a report by appellant's mother that appellant was a runaway, arrested her.

Following appellant's arrest, appellee, Huron County Department of Human Services, initiated complaints alleging that both children were dependent pursuant to R.C. 2151.04(A). Following an adjudicatory hearing, the trial court found the children to be dependent and awarded their legal custody to appellant's mother. Appellant now appeals these judgments, setting forth the following single assignment of error:

"The judgment of the trial court was against the manifest weight of the evidence in finding that Tikyra A. and Quionna B. are dependent children."

Appellant challenges the weight of the evidence by which the trial court adjudicated these children as dependent. The decision of a trier of fact relating to the adjudication of a child as dependent will not be overturned as against the manifest weight of the evidence, so long as the record contains clear and convincing evidence of dependency. Juv.R. 29(E)(4). Clear and convincing evidence of dependency is that evidence by which the trial court could have formed a firm belief or conviction that the essential statutory elements for dependency have been established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus; R.C. 2151.04.

R.C. 2151.04 provides:

"As used in this chapter, 'dependent child' includes any child:

"(A) Who is homeless or destitute or without proper care or support, through no fault of his parents, guardian, or custodian * * *."

■ Appellant argues that at no time were these children without a home, food or necessaries. At all times they were in the care of their grandmother. Therefore, according to appellant, these children did not fall within the statutory definition of a dependent child and any finding that they were dependent is against the manifest weight of the evidence.

It is common practice that dependency complaints are coupled with neglect complaints. Indeed, in this matter, the evidence establishes that the children are better described in the language of neglect than dependency. For example, a neglected child is one who is abandoned by his or her parent, R.C. 2151.03(A)(1), or who lacks proper parental care due to the fault of his or her parent, R.C. 2151.03(A)(2).

In the instant case for whatever reason, appellee chose to charge only under R.C. 2151.04(A). The curiosity here is that while appellee may have proved that the children were neglected (generally considered to be the more serious allegation), it failed to prove any of the elements which define dependency. These children were not homeless, destitute, without proper care or without support. It is undisputed that their needs for shelter, food and other necessaries were satisfied.

By the plain language of R.C. 2151.04(A), it must be demonstrated that a child is "homeless or destitute or without proper care or support" before he or she can be deemed a dependent child. As appellee failed to demonstrate that these children suffered from any of these conditions, an adjudication that they are dependent is against the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is found well taken.

The judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

ABOOD, P.J., and HANDWORK, J., concur.